IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY M. JENNINGS,

      Plaintiff,                      No. CIV S-04-2131 GEB GGH P

    vs.

T. FAULKER, et al.,

      Defendants.                ORDER

_____/

        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an amended complaint, pursuant to Fed. R. Civ. P. 15(a) and this court's order, filed on March 11, 2005.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
10  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
11  a complaint under this standard, the court must accept as true the allegations of the complaint in
12  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15        Plaintiff alleges that he is the victim of racially discriminatory policies of the
16  California Department of Corrections as implemented at High Desert State Prison.  Amended
17  Complaint, p. 3.  Plaintiff lists some fifteen defendants in the amended complaint; however,
18  within his allegations, plaintiff does not reference any one of them except defendant Runnels,
19  except to state, in generic fashion, that the defendants violated his Eighth and Fourteenth
20  Amendment rights and "each defendant acted under color of state law."  Id.  Plaintiff's
21  allegations of discrimination within the proposed amended complaint are both generally more
22  vague and conclusory than the allegations of his original complaint.  The only relief he seeks is
23  an "outside investigation on [sic] these ethnic discrimination claims."  Id., at p. 4.

24        As noted in the order filed on March 11, 2005, this court had previously found, in
25  its February 11, 2005 order, service appropriate for the four named defendants of the original
26  complaint, which contains generally more specific allegations than those of the amended

complaint. His claims for relief in both the original and amended complaints can be construed solely as requests for prospective injunctive relief. The original complaint was not served only to afford plaintiff the opportunity he sought to file an amended complaint.

Just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D.Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).

In this case where plaintiff alleges racially discriminatory policies by the state, plaintiff need not name fifteen defendants, many of whom would not have any authority to implement a court order requiring injunctive relief, should one issue. In the original complaint, plaintiff has named at least one official, the warden at High Desert State Prison, who could do so. As the amended complaint suffers from defects not contained in the original action, the court will

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

strike the amended complaint and proceed on the original complaint, directing service upon the four defendants named therein in a concurrently filed order.

In the March 11, 2005 order, the court found that this action may be appropriate for counsel and referred the case to the King Hall Civil Rights Clinic for their review; the clinic was directed to inform the court of their decision at their earliest convenience but, as yet, has not done so. The clinic will now be directed to inform the court of their decision within 30 days. As plaintiff was previously cautioned, it may ultimately turn out that volunteer counsel may not be procurable for his case; plaintiff remains responsible for the prosecution of his case while it is under review. Should counsel not be obtainable, plaintiff will, of course, have to proceed pro se.

Finally, plaintiff has filed a document entitled "ex parte notice of motion and motion for order to perpetuate and produce documents upon a non-party," wherein plaintiff avers that he has asked Chief Deputy Inspector General Kerry McClelland and N. Grannis, Chief of the Inmate Appeals Branch twice for complaints filed by H.D.S.P. prisoners from 2002 to 2005, seeking evidence of claims of racial discrimination by inmates and to determine whether there are disparities in the responses from different offices. Service of process was not even ordered at the time plaintiff moved for an order for non-parties "to perpetuate and produce the documents," pursuant to Fed. R. Civ. P. 27(b) and Fed. R. Civ. P. 34(c). Fed. R. Civ. P. 27 is inapposite because it applies only to the procedures for perpetuating testimony by way of depositions taken before an action commences or pending appeal. Fed. R. Civ. P. 27(b) speaks specifically to the time when an appeal from a district court judgment has been or may be taken.

Although a non-party may be compelled to produce documents or submit to an inspection under Fed. R. Civ. P. 34(c), such production may only be sought pursuant to subpoena, as set forth in Fed. R. Civ. P. 45. Plaintiff has not served subpoenas on the non-parties at issue. Nor on the face of it are his requests for production sufficiently tailored for the non-party to be able to reasonably respond. The motion is denied.

\\\\

Accordingly, IT IS ORDERED that:

1. The proposed amended complaint, filed on March 30, 2005, is stricken for the reasons set forth above, and this action will proceed on the original complaint, filed on October 12, 2004;

2. The Civil Rights Clinic shall inform the court, within 30 days, as to whether they will seek appointment as counsel for plaintiff; and

3. Plaintiff's April 21, 2005 ex parte motion for an order to perpetuate and produce documents from a non-party is denied.

DATED: 7/5/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jenn2131.ord2